UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOAN HARRIMAN,

                    Plaintiff,

        -against-                           MEMORANDUM AND ORDER
                                            96-CV-3670(JS)(MLO)

UNITED STATES OF AMERICA,

                    Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:      Joan Harriman, pro se
                    P.O. Box 40
                    East Hampton, New York 11937

For Defendant:      Bartholomew Cereza, Esq.
                    U.S. Department of Justice
                    Tax Division
                    P.O. Box 55, Ben Franklin Station
                    Washington D.C. 20044-0055

SEYBERT, District Judge:

## INTRODUCTION

        On July 24, 1996, pro se Plaintiff, Joan Harriman
("Plaintiff"), filed a Complaint in the United States District
Court for the Eastern District of New York against the United
States of America ("Defendant") seeking a refund for overpaid
taxes.   Currently pending before the Court are both parties'
motions, pursuant to Federal Rule of Civil Procedure 56, for
summary judgment.   For the reasons set forth below, the Court
DENIES both parties' motions for summary judgment.

## BACKGROUND

        All facts presented herein have been taken from the

parties' Rule 56.1 Statements.   Plaintiff brought this action against the Defendant seeking a refund of taxes allegedly paid for tax years 1973, 1976, 1980, 1987, 1990, 1992, 1993, and 1994.   On August 2, 2002, this Court dismissed all causes of actions except those that sought a refund of taxes paid for years 1973, 1976, 1992, and 1994.   The Defendant's motion seeks to resolve the taxes paid in the four remaining years: 1973, 1976, 1992, and 1994.

### 1973 Taxes

The Government contends that on February 23, 1976, the Internal Revenue Service ("IRS") assessed Plaintiff tax and interest charges of $1,586.14 for tax year 1973. (Defendant's Rule 56.1 Statement ("Def.'s Stmt.") ¶ 1.)  On April 15, 1981, the IRS applied an overpayment from Plaintiff's 1980 tax return to pay the deficiency from the 1973 tax year.  (Def.'s Stmt. ¶ 2.)  As of the date of filing the instant action the 1973 taxes were fully satisfied.  (Def.'s Stmt. ¶ 3.)

Plaintiff contends that Defendant cannot use any overpayments it made to Plaintiff in 1981 to cover taxes she owed in 1973 because Defendant only had six years after 1973 - pursuant to the statute of limitations - to collect money she owed to Defendant.   (Plaintiff's Rule 56.1 Counter-Statement ("Pl.'s Stmt.") ¶ 2.)  In addition, the IRS had no right to impose a tax lien on her Riverhead property for the 1973 tax deficiency because the IRS had already satisfied the amount outstanding by offsetting

2

it with her 1981 tax overpayment.  (Pl.'s Stmt. ¶ 3.)

<u>1976 Taxes</u>

The Government contends that on October 22, 1978 the IRS assessed the Plaintiff tax, penalty, and interest charges of $1,838.82 for tax year 1976.  (Def.'s Stmt. ¶ 4.)  Further, on October 5, 1981, additional penalty and interest charges of $111.71 were assessed.  (Def.'s Stmt. ¶ 5.)  On April 15, 1980 and April 15, 1981, the assessments were satisfied by the application of overpayments of $1,626.00 and $324.53 from the tax years 1979 and 1980 respectively.  (Def.'s Stmt. ¶ 5.)  On December 28, 1981, Plaintiff was assessed a $6.00 collection cost which was satisfied by application of an overpayment from the 1981 income tax year.  (Def.'s Stmt. ¶ 7.)  There were no outstanding taxes due at the time of the filing of the instant action.  (Def.'s Stmt. ¶ 8.)

Plaintiff argues that her 1976 taxes were not paid late and that an IRS agent had promised to deliver to Plaintiff more than 10 years ago a microfilm which would prove that fact.  (Pl.'s Stmt. ¶ 7.)  The IRS also prohibited Plaintiff from taking tax credits for two of her children.  (Pl.'s Stmt. ¶ 6.)  Plaintiff's position is that, pursuant to a divorce decree, a state court ordered that the children be taken as a credit on Plaintiff's tax return.  (Pl.'s Stmt. ¶ 6.)

<u>1992 Taxes</u>

On September 15, 1994, Plaintiff filed her 1992 taxes in

3

which she claimed zero tax liability and earned income tax credit of $805.00. (Def.'s Stmt. ¶ 9.) The credit was not returned to her but rather applied to the unpaid balance due for the 1980 tax year. (Def.'s Stmt. ¶ 10.) At the time Plaintiff brought this action there was no money to be returned to Plaintiff from the 1992 taxes. (Def.'s Stmt. ¶ 11.)

Plaintiff again contends that the statute of limitations precludes the Government from applying taxes more than six years after the taxes were due. (Pl.'s Stmt. ¶ 9.) In addition, Plaintiff claims that the IRS agent "deceived" her into filing a late return. (Pl.'s Stmt. ¶ 8.) Plaintiff claims that she had originally filed on time, but that her original records were destroyed in a flood. (Pl.'s Stmt. ¶ 8.)

<u>1994 Taxes</u>

On February 5, 1996, the IRS made assessments against the Plaintiff in the amount of $1,444.00 for tax year 1994. (Def.'s Stmt. ¶ 12.) Plaintiff paid $1,051.00 and earned an income tax credit of $580.00. This resulted in a tax overpayment for tax year 1994 of $187.00. (Def.'s Stmt. ¶ 12.) On February 17, 1997, the IRS mailed a check to Harriman of $24.77 in accrued overpayment interest; however, this check was not deliverable and thereafter canceled. (Def.'s Stmt. ¶ 14.) At the time of this action, there was no money to be returned to the Plaintiff. (Def.'s Stmt. ¶ 15.)

Plaintiff's position with regard to the 1994 taxes is

4

that she has had the some post office box for 25 years and cannot understand why she never received the $24.77 check. (Pl.'s Stmt. ¶ 9.) Plaintiff also contends that she never received any notice for any of the tax assessments and that the tax assessments were dated after she had brought this lawsuit and are therefore invalid. (Pl.'s Stmt. ¶¶ 1, 5.) Defendant moves for summary judgment claiming that Plaintiff has not proven the Defendant has any money that it owes to Plaintiff. Plaintiff moves for summary judgment claiming that Defendant owes Plaintiff over forty thousand dollars in tax refunds and interest.

## LEGAL STANDARD

A district court may properly grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c). The burden of proof is on the moving party to show that no genuine issue of material fact exists. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994)(citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). "[A]ll ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." Id. (citing Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985)).

The court should not grant a defendant's motion for summary judgment unless "the evidence of discriminatory intent is so slight that no rational jury could find in plaintiff's favor." Gallo, 22 F.3d at 1225. Although the court must construe all evidence in the non-moving party's favor, a party opposing summary judgment may not rely on conclusory allegations or unsubstantiated speculation. See Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2001). Rather, to defeat a motion for summary judgment, the non-moving party must show there is a "'genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)(quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288, S. Ct. 1575, 20 L. Ed. 2d 569 (1968)). It is within this framework that the Court addresses the present summary judgment motion.

## DISCUSSION

When a plaintiff seeks refunds for overpaid taxes to the government, the plaintiff bears the burden of proof to show that she overpaid her taxes to the government and in what amount. See United States v. Janis, 428 U.S. 433, 440 (1976); Ranciato v. United States, 2001 U.S. Dist. LEXIS 743, at *5 (D.C. Conn. Jan. 23, 2001). "In the case of any overpayment, [the IRS], within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the

6

person who made the overpayment . . . ." 28 U.S.C. § 6402. Once an assessment is made against a taxpayer, the IRS has ten years to pursue by levy or court proceeding the tax owed. See 29 U.S.C. § 6502(a). The statute in effect at the time Plaintiff commenced this action set a six-year statute of limitations for the collection of taxes after assessment. See 29 U.S.C. § 6502(a) as in effect before November 5, 1990.

The IRS has up to three years after a tax return is filed to file an assessment against a taxpayer. See 26 U.S.C. § 6501(a); United States v. Galletti, 541 U.S. 114, 116, 124 S. Ct. 1548, 158 L. Ed. 2d 279 (2004). The Internal Revenue Code also requires that the IRS give a taxpayer notice within 60 days of any tax assessment. Such notice must declare the amount due to the government and demand payment. See 26 U.S.C. § 6303(a); Galletti, 541 U.S. at 119. Plaintiff incorrectly states that the statute of limitations accrued when she filed her taxes. The statute of limitations accrues from the date of assessment. See Galletti, 541 U.S. at 116.

Under the correctly stated law above, the Court finds that an issue of fact exists as to whether Plaintiff received notice of any tax assessment. Plaintiff claims that she did not receive notice of the assessments for tax years 1973 and 1976. Plaintiff also claims that the assessments were dated more than three years after she filed her tax returns for each of the years

7

in question.  However, the documents Plaintiff submits to the Court indicate the assessments were dated within three years of each tax year in issue.  But these dates do not correspond with the dates of assessments Defendant offers.  Accordingly, an issue of fact exists as to when exactly such assessments took place.  Thus, the two remaining issues of material fact are when such assessments occurred and whether Plaintiff received notice of them.

On a motion for summary judgment, the Court cannot weigh the evidence and decide who has brought the more credible story. At this juncture, the Court must only state whether an issue of fact exists, and the Court answers this in the positive. Accordingly, the Court cannot grant summary judgment to either party because the facts are disputed as to whether Plaintiff received any notice of the assessments and when in fact such assessments occurred.

## CONCLUSION

For all of the reasons set forth herein, this Court DENIES the parties' motions for summary judgment in their entirety. The parties are to appear before Magistrate Michael L. Orenstein for any outstanding discovery or pre-trial issues.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          March 30, 2006

8