UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOAN HARRIMAN,                                                    Civil Action No.: CV-96-3670 (JS)

        Plaintiff,                                            Judge: Seybert
                                                   Magistrate Judge:  Orenstein

    v.

UNITED STATES OF AMERICA,

        Defendant.
--------------------------------------------------------X

**PROPOSED JOINT PRETRIAL ORDER**

       Plaintiff, Joan Harriman, proceeding *pro se*, and Defendant, United States of America, by and through its undersigned counsel, respectfully propose that the following Joint Pretrial Order by approved and filed with the Court:

**A.**    **Party contact information.**

    1.    <u>Plaintiff (proceeding *pro se*)</u>

        JOAN HARRIMAN
        P.O. Box 40
        East Hampton, NY 11937
        Tel. No.: (850) 628-8173
        Fax No.: None
        Email address: None

    2.    <u>Defendant</u>

        BARTHOLOMEW CIRENZA
        Trial Attorney
        U.S. Dept. of Justice (Tax Division)
        PO Box 55, Ben Franklin Station
        Washington, DC 20044
        Tel. No.: (202) 307-6503
        Fax No.: (202) 514-9649
        Email address: bartholomew.cirenza@usdoj.gov

**B.      Jurisdictional Statements.**

      1.      <u>Plaintiff's statement:</u>

      This Court, through Judge Platt and Judge Seybert, has already determined that it has jurisdiction over all the tax years involved in this case. Plaintiff has filed all the administrative claims for refunds. Plaintiff has filed claims pursuant to IRS Code 26 USCA 7433 and 7434. Judge Seybert, in her order denying defendants dismissal of this case stated that Plaintiff cured the six-month waiting period by filing an amended complaint on Aug. 7, 1996.

      This IRS has conducted a pattern of abuse to plaintiff over the past 35 years; never once in any year sending her the refunds rightly due to her and/or applying them to years which were past the Statute of Limitations.

      The IRS harassed plaintiff daily by phone during the summer of 1977 when she was bedridden due to the death of her oldest son. They threatened to foreclose on her house and she was forced to sell in 1978. An IRS came to the closing table and demanded to be seated. They took money at the closing and took it again from refunds to pay 1973 and 1976. They refused to acknowledge that she had full tax exemptions for her two sons which was given to her by the Supreme Court in N.Y.C., N.Y. in a divorce and separation agreement. Defendant filed illegal liens against Plaintiff and refused to lift those liens even after they were satisfied, destroying her credit. The defendants sent plaintiff a notice regarding a tax year saying they received it but could not find it. Agent Hawkins committed lies against Plaintiff.

      The doctrine of Equitable Recoupment requires the United States to refund Income Taxes. 26 U.S.C.A. 6511 (IRC 1954). "Recoupment is in the nature of a defense and is NEVER barred by the Statute of Limitations." U.S. v. Bowcut, 287 F2d 654. The equitable defense of

set-off, unjust enrichment or recoupment is not available to the government in an action for tax refund. 26 U.S.C.A. 607 & 609(a) IRC, Rev. Act 1928. IRS Code 3770(a)(2) & 3775(a). "No benefits can be taken from a taxpayer's overpayment by crediting against an unpaid tax where collection has been barred by limitation." McEachern v. Rose, 302 U.S. 56, 58, S.Ct. 84. Pursuant to 609 & 607, payment of a barred deficiency shall be refunded to the taxpayer. Pursuant to 26 USCA 6213 & 6214, taxes due for one year cannot be set off against refunds due from another year.

Plaintiff objects to Defendant's Exhibit List. The date on the Certificate of Assessments presented by the Government is July 23, 1997 - almost 1 year after this case was commenced in Court. The Govt is not allowed to file a Certificate of Assessments after commencement of an action. Stallard v. U.S., 806 F. Supp. 152.

2.  <u>Defendant's statement:</u>  The United States contends that this Court lacks jurisdiction to consider plaintiff's demand for refund with respect to tax years 1973 and 1976 by virtue of the fact that plaintiff failed to duly file an administrative claim for refund with the Internal Revenue Service (IRS) prior to commencement of this action as required by 26 U.S.C. §§7422(a) and 6511(a), and that even if her claim for refund was timely filed, plaintiff failed to wait the required 6-month period before commencement of this action as required by 26 U.S.C. §6532(a)(§6532 is also a jurisdictional bar with respect to years 1992 and 1994). Plaintiff is also statutorily barred, pursuant to 26 U.S.C. §6511(b)(2)(B) from recovering any refund of amounts paid for years 1973 and 1976.

**C.     Parties' Claims and Defenses which remain to be tried.**

    1.     <u>Plaintiff's claims.</u>

The United States Government owes plaintiff:

| | |
|---|---|
| 1973 tax year | $1,993.14 |
| 1976 tax year | $2,362.01 |
| 1992 tax year | $ 805.00 |
| 1994 tax year | $1,818.00 |

With Interest to Trial

Plaintiff estimates the figure owed to her to be Approx. $70,000 by trial. Plaintiff has offered to settle for $10,000 at the last hearing before Judge Orenstein. Defendant government offered to settle for nothing and demanded that I do this with prejudice. Judge Orenstein told the defendants that he had never heard of such an offer.

    2.     <u>Defendant's defenses (by tax year).</u>

1973 and 1976. The Court lacks jurisdiction. See ¶ "B.2.", above.

1992 and 1994. The Court lacks jurisdiction. see ¶ "B.2.", above.

In the alternative, should the Court determine that it does otherwise have jurisdiction with respect to years 1992 and 1994, the United States asserts that the claimed overpayments for these tax years were credited to plaintiff by crediting such overpayments to the assessed and unpaid balances of other federal income tax liabilities owed by plaintiff to the IRS, pursuant to 26 U.S.C. §6402(a), thus, as the claimed overpayments were recognized and applied for plaintiff's benefit, there is no "case or controversy" with respect to the 1992 and 1994 tax years so that subject-matter jurisdiction is lacking. See U.S. Const., art. III.

**D.     Statements Concerning Jury/Nonjury Trial and Anticipated Days for Trial.**

    1.    <u>Plaintiff's statement.</u>  Plaintiff has demanded a trial by jury.

    2.    <u>Defendant's statement.</u>  Defendant's attorney anticipates the trial to be completed in 1 day.

**E.     Statement Concerning Consent for Trial by Magistrate Judge.**

All parties to this action have not consented to trial by a magistrate judge.

**F.     Stipulations or Agreed Statements of Fact or Law Agreed to by All Parties.**

At present, there are no stipulations or agreed statements of fact or law.

**G.     Witnesses and Brief Narrative Statement of Expected Testimony.**

    1.    <u>For Plaintiff.</u>

        IRS Agent Robert Hawkins
            67 Coleridge Lane
            Manorville, N.Y.  11949

Witness will be questioned as to how he defrauded plaintiff.

        Robert Green

Witness will be questioned as to how the govt. continues to ignore the law in this case and why they ignored plaintiffs requests for appts.  Plaintiff was never audited.

    2.    <u>For Defendant.</u>

        *(a)  Joan Harriman.*

            PO Box 40 East Hampton, NY 11937

Ms. Harriman is expected to provide testimony as to whether and when she filed federal income tax returns and claims for refund for all disputed tax years.

*(b) Robert Green.*

> Internal Revenue Service
> PO Box 480, Stop 661
> 1040 Waverly Avenue
> Holtsville, NY *11742*

Mr. Green is expected to provide testimony concerning tax return and/or claim filing, assessment, payment, credit and refund information contained in electronic databases maintained by the IRS for all disputed tax years.

*(c) Any and all witnesses identified by plaintiff in section "G.1.", above.*

**H.    Deposition Testimony to Be Offered into Evidence During Trial.**

The parties do not intend to offer any deposition testimony into evidence during the trial of this action.

**I.    List of Exhibits to be Offered into Evidence During Trial (with one star [*] indicating exhibits to which no party objects on grounds of authenticity, and two stars [**] indicating exhibits to which no party objects on any grounds).**

1.    <u>Plaintiff's Exhibit list.</u>

Documents pertaining to Tax years 1973, 1976, 1992, and 1994

Documents pertaining to any year in which the lifting of refunds were barred by the Statute of Limitations.

Correspondence to and from the IRS

Correspondence to and from Robert Hawkins

Applicable law.

   Applicable case law

Divorce and Separation Documents.

  2. <u>Defendant's Exhibit list.</u>

  (a) *Certificates of Official Record,* with corresponding *Certificates of Assessments, Payments and Other Specified Matters*, for disputed tax years 1973, 1976, 1992, and 1994 as well as for tax years 1979, 1980, and 1990 to/from which overpayment credits were transferred and/or applied,

  (b) Retention register accounts and other IRS transcripts of account for tax years 1973, 1976, 1992, and 1994,\*\*

  (c) 1973 U.S. Individual Income Tax Return filed by plaintiff with the IRS,\*\*

  (d) 1976 U.S. Individual Income Tax Return filed by plaintiff with the IRS,\*\*

  (e) 1992 U.S. Individual Income Tax Return filed by plaintiff with the IRS,\*\*

  (f) 1994 U.S. Individual Income Tax Return filed by plaintiff with the IRS,\*\*

**J.** **Statement of Stipulated Facts.**

At this time, the parties do not intend to offer any statement of stipulated facts.

**K.** **Schedule of Exhibits.**

  1. <u>To be Offered by plaintiff, through whom and for what purpose.</u>

  Same as List of Exhibits to determine that the IRS illegally lifted Plaintiff's refunds from years that were barred by the Statute of Limitations or applied those refunds that were barred by the Statute of Limitations.

2. <u>To be offered by Defendant, through whom and for what purpose.</u>  All exhibits identified in ¶ "I.2.", above, will be offered as part of Defendant's case in chief and possibly for purposes of impeachment and rebuttal to plaintiff's witnesses and/or her case in chief.

Respectfully submitted,

| | |
|---|---|
| /s/ Joan Harriman | /s/ Bartholomew Cirenza |
| JOAN HARRIMAN | BARTHOLOMEW CIRENZA |
| P.O. BOX 40 | Trial Attorneys |
| East Hampton, NY 11937 | U.S. Department of Justice |
| Tel. No.: (850) 628-8173 | Tax Division |
| | PO Box 55 |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | Tel. No.:  (202) 307-6503 |