```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOAN HARRIMAN,
                Plaintiff,               ORDER
                                         96-CV-3670 (JS)
        -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Joan Harriman, Pro Se
                   P.O. Box 29
                   Clarksville, FL 32430

FOR DEFENDANT:     Bartholomew Cirenza, Esq.
                   U.S. Department of Justice
                   Tax Division
                   P.O. Box 55, Ben Franklin Station
                   Washington, DC 20044-0055
```

SEYBERT, District Judge:

      Joan Harriman, proceeding pro se, filed a Complaint against the United States of America on July 24, 1996, and an Amended Complaint on August 7, 1996. Plaintiff's Amended Complaint purported to state claims under 28 U.S.C. §§ 1346(a)(1), and Internal Revenue Code §§ 6502(a), 6331(d), 6501(a). Inexplicably, Plaintiff's pre-trial Order indicates that she has asserted claims under 26 U.S.C. §§ 7433 and 7434. The record does not reflect that Plaintiff has alleged any claims under these statutes. In fact, to the extent that Plaintiff sought damages for pain and suffering under Section 7433, the Court explicitly provided in its August 2, 2002 Order that "there is no provision in Section 7433 for pain and suffering." See Harriman v. IRS, 233 F. Supp. 2d 451 (E.D.N.Y. 2002). Thereafter, Plaintiff sought leave to amend her Complaint

to add a claim for economic damages under 26 U.S.C. §§ 7432 and 7433. The Court denied Plaintiff's leave to amend on April 6, 2004. See Harriman v. United States, 2004 U.S. Dist. LEXIS 9713 (E.D.N.Y. 2004).

It appears to the Court that Plaintiff's Amended Complaint only seeks a refund pursuant to 28 U.S.C. § 1346(a)(1). Plaintiff is entitled to a jury trial on her Section 1346(a)(1) claims. "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." Lehman v. Nakshian, 453 U.S. 156, 160, 69 L. Ed. 2d 548, 101 S. Ct. 2698 (1981). However, by the enactment of 28 U.S.C. § 2402, Congress expressly permitted jury trials in actions by taxpayers for a refund pursuant to 28 U.S.C. § 1346(a)(1).

28 U.S.C. § 2402 provides, "any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury." Thus, Plaintiff is entitled to a jury trial on her claim pursuant to 28 U.S.C. § 1346(a)(1) for a refund. See Information Resources v. United States, 996 F.2d 780, 783 (5th Cir. 1993) ("A taxpayer bringing an action pursuant to § 1346(a)(1) is entitled to a jury trial, as explicitly provided in 28 U.S.C. § 2402."). However, "the amount recoverable in a jury trial under section 1346(a)(1) is limited to

2

the amount of taxes illegally or erroneously collected." Crowd Management Servs. v. United States, 1994 U.S. App. LEXIS 24476, at *26 (9th Cir. 1994).

Plaintiff would not be entitled to a jury trial on any claims brought pursuant to 26 U.S.C. §§ 7433 and 7434. See Information Resources, 996 F.2d at 783 ("Congress has not 'affirmatively and unambiguously' granted a right to a jury trial to plaintiffs bringing actions under . . . § 7433."); Hook v. United States (In re Hook), No. 07-CV-876, 2008 U.S. Dist. LEXIS 73380, at *33, n.17 (D. Colo. 2008)("Because the Seventh Amendment right to a jury trial in civil actions does not apply to lawsuits against the government,. . . aggrieved taxpayer has a right to a jury only if a statute specifically conveys that right [and] Section 7433 does not."); Sylvester v. United States, 978 F. Supp. 1186, 1192 (E.D. Wis. 1997) ("[A] plaintiff has a right to a jury only in a refund suit." ). Thus, Plaintiff would not be entitled to a jury trial on any claims brought pursuant to 26 U.S.C. §§ 7433 and 7434. In any case, there is no evidence from the record that Plaintiff ever asserted claims under these statutes. Plaintiff's only claim from the face of her Amended Complaint appears to be one for a refund under Section 1346.[1] If Plaintiff believes that she

---

[1] This is particularly true with respect to 26 U.S.C. § 7434, which permits a person to bring a civil action for damages against any person who "willfully files a fraudulent information return with respect to payments purported to be made to any other person." This clearly is not the proper statute for which

3

has asserted a claim under 26 U.S.C. § 7433, Plaintiff must indicate to the Court, no later than ten days after receiving this Order, where in the Amended Complaint or in the record of this convoluted case did Plaintiff state a claim under Section 7433.

To the extent that Plaintiff's Amended Complaint alleged claims for unlawful levy and a violation of the Internal Revenue Code, the Court would lack jurisdiction under any such claims because Congress has not waived sovereign immunity with respect to wrongful levy claims brought by taxpayers. See Soffer v. United States, 2002 U.S. Dist. LEXIS 9497 (S.D.N.Y. 2002) (finding that the Government has "consented to waive sovereign immunity with respect to a wrongful levy claim . . . only for persons 'other than the person against whom is assessed the tax out of which the levy arose.' 26 U.S.C. § 7426(a)(1). This statute is strictly construed, so as to preclude a waiver of sovereign immunity where the action is brought by the taxpayer."); Akers v. United States, 539 F. Supp. 831, 833 (D. Conn. 1982) ("The United States, under the Federal Tort Claims Act and 28 U.S.C. § 1346(b) . . . specifically has not waived its sovereign immunity for claims arising 'in respect of the assessment or collection of any tax.'"). In any event, it appears that Plaintiff's Amended Complaint intended to seek only a refund of taxes allegedly erroneously collected.

---

Plaintiff's Amended Complaint is brought.

4

CONCLUSION

For the reasons stated above, Plaintiff will receive a jury trial on her Section 1346 claims, and such trial will be limited to the amount of taxes illegally or erroneously collected. If Plaintiff believes that she has properly stated a claim under 26 U.S.C. § 7433, Plaintiff must write to the Court, no later than ten days after receiving this Order, and cite to the section in the Amended Complaint or the record of this case where Plaintiff alleged a claim under Section 7433.

Additionally, Plaintiff is reminded that, absent a stay from the Court of Appeals for the Second Circuit, Plaintiff must be present for jury selection on June 1, 2009. Plaintiff specifically requested June 1, 2009 as a trial date, and has repeatedly rejected the Court's earlier suggested dates. If Plaintiff is not present on June 1, 2009, the Court will dismiss Plaintiff's case for failure to prosecute.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
      March  20 , 2009