UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOAN HARRIMAN,                                          Civil Action No.: 9:96-cv-03670-JS

    Plaintiff,                     Judge: Seybert
            Magistrate Judge: Orenstein

  v.

UNITED STATES OF AMERICA,

    Defendant.
-------------------------------------------------------X

## PRETRIAL MEMORANDUM OF LAW RE: APPLICATIONS OF 1992 AND 1994 OVERPAYMENT CREDITS TO YEARS 1980 AND 1990, RESPECTIVELY

  Plaintiff asserts in the Proposed Joint Pretrial Order (at ¶ B(1)) that "[n]o benefits can be taken from a taxpayer's overpayment by crediting against an unpaid tax where collection has been barred by limitation." Plaintiff's overpayment credits from years 1992 and 1994 were applied against tax underpayments in years 1980 and 1990, respectively. As is more fully set forth below, applications of the overpayment credits were made within the 10-year statutory period of limitations for collection of assessed taxes as set forth in 26 U.S.C. §6502(a).

## QUESTION PRESENTED

  Whether the 10-year statutory period of limitation expired with respect to tax years 1980 and 1990 prior to the application over tax overpayments from years 1992 and 1994, respectively.

## STATUTES

  The pertinent statutes of the Internal Revenue Code of 1986 (26 U.S.C.), are set forth below.

## STATEMENT OF FACTS[1]

*Facts concerning 1980 tax year.*

  On September 9, 1981, plaintiff filed her 1980 U.S. Individual Income Tax Return (Form 1040), with the Internal Revenue Service (IRS). That return reported a total tax of $137.00, a $50 credit for contributions to candidates for public office and a $76.40 residential energy credit,

---

[1] All Government Exhibits referenced in this brief are listed in the Joint Pretrial Order.

resulting in a net tax of $10.60. The return also claimed a credit for withheld federal income taxes totaling $3,488.63, and a tax overpayment and refund totaling $3,478.03. On April 15, 1981, the IRS transferred $1,586.14 and $324.53 in overpayment credits from plaintiff's 1980 tax year to tax years 1973 and 1976, respectively, and refunded the remaining $1,567.36 in overpaid tax (with $14.53 in interest) on October 5, 1981. On April 25, 1985, the IRS assessed additional 1980 income tax and interest totaling $1,011.00 and $640.12, respectively. From time to time thereafter, the IRS made additional assessments for interest and failure to pay tax penalties totaling $2,143.24 and $252.75, respectively. Then on September 15, 1994, the IRS applied a $805.00 overpayment credit from the 1992 tax year, in partial satisfaction of the 1980 tax, interest and penalty underpayment, leaving an unpaid balance due of $3,242.11.

*Fact concerning 1990 tax year.*

On April 18, 1994, plaintiff filed her 1990 U.S. Individual Income Tax Return, late, reporting a total tax of $1,031.00 and a credit for an earned income tax credit totaling $473.00, leaving a $558.00 balance due. On July 4, 1994, the IRS assessed plaintiff a late filing penalty, a failure to pay tax penalty and interest, totaling $125.55, $108.81, and $194.77, respectively. Then on April 15, 1996, the IRS applied a $827.78 overpayment credit from the 1995 tax year in partial satisfaction of the 1990 underpayment. On February 17, 1997, the IRS also applied a $187.00 overpayment credit from the 1994 tax year in partial satisfaction of the 1990 underpayment. The IRS then assessed an additional $27.65 in 1990 failure to pay penalty, thereby bringing the 1990 tax account to a zero balance.

**ARGUMENT**

**The 1992 and 1994 overpayment credits applied against plaintiff's 1980 and 1990 underpaid tax years, were within the 10-year statutory period of limitations for the collection of an assessed tax and, therefore, plaintiff is not entitled to any refund for tax years 1992 and 1994.**

Code § 6402(a) provides that, "in the case of any overpayment, the Secretary, within the *applicable period of limitations,* may credit the amount of such overpayment, including interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. . . ." 26 U.S.C. §6402(a)(emphasis added). The applicable period of limitations referenced in §6402(a) is the statutory period of collection for an assessed tax liability, which is contained in Code §6502(a)(1).

Section 6502(a)(1) provides that the assessment of any tax imposed under the Internal Revenue Code (26 U.S.C.), hereinafter the Code, may be collected by levy or by proceeding in court, within 10 years after the assessment of the tax. Prior to the November 5, 1990, the statutory period of limitations for the collection of an assessed tax was 6 years. On November 5, 1990, Congress enacted the *Omnibus Reconciliation Act of 1990* (P.L. 101-508), hereinafter the *Act*. Section 11317(a)(1) of the *Act* extended the statutory period of limitations form 6 to 10 years. The amendments to §6502(a)(1) made by the *Act* apply to taxes assessed after the date of its enactment (November 5, 1990) and to taxes assessed on or before the date of enactment if the period in §6502 (determined without regard to the amendments made by §11317(a)) for collection of such taxes has not expired as of such date. See §11317(c) to the *Act*. Kaggen v. Internal Revenue Service, 57 F.3d 163, 164-65 (2nd Cir. 1995).

In the instant case, on September 15, 1994, the IRS applied a $805 federal income tax overpayment from 1992 toward an unpaid federal income tax liability for the 1980 tax year that was assessed against plaintiff on April 25, 1985. Based on the law that existed prior to November 5, 1990, enactment date of the *Omnibus Reconciliation Act of 1990*, the original 6-year statutory period of limitations for the collection of the additional 1980 tax was set to expire

on April 25, 1991. Because the 6-year period had not expired prior to enactment of the Act, the statutory period for collection of the additional 1980 tax was extended to April 25, 1995. Inasmuch as the $805 overpayment credit was applied to plaintiff's unpaid 1980 tax liability on September 15, 1994 (nearly seven months before the statutory period of collection was set to expire under amended §6502(a)(1), the overpayment credit was proper under §6402(a) and therefore, plaintiff is not entitled to any tax refund with respect to tax year 1992.

With respect to tax year 1994, on February 17, 1997, the IRS applied a $187.00 federal income tax overpayment (plus $24.77 in interest that had accrued on the $187.00) from the 1994 tax year toward an unpaid federal income tax liability for the 1990 tax year that was assessed against plaintiff on July 4, 1994. At the time the 1990 tax was assessed, the statutory period for collection of an assessed tax, under §6502(a)(1) was 10 years. Because the IRS's §6402 application of the 1994 tax overpayment to the 1980 tax year was made within such 10-year period, the IRS' overpayment credit from tax year 1994 to tax year 1990 was proper. Accordingly, plaintiff is not entitled to any tax refund with respect to tax year 1994.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court, during the trial in this action, enter an order dismissing plaintiff's Amended Complaint, to the extent it seeks a refund of taxes paid for tax years 1992 and 1994.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

 /s/ Bartholomew Cirenza
BARTHOLOMEW CIRENZA (BC6415)
Trial Attorney
U.S. Dept. of Justice, Tax Division
Civil Trial Section, Northern
PO Box 55, Ben Franklin Post Office
Washington, D.C. 20044
Tel. No.: (202) 307-6503
Email: bartholomew.cirenza@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that service of the foregoing *Pretrial Memorandum of Law Re: Partial Motion to Dismiss* has, this 28th day of May, 2009, been made on plaintiff by mailing a copy thereof, in a postage prepaid envelope (and by sending the same via Express Mail), to the following address:

> Joan Harriman
> PO Box 40
> East Hampton, NY 11937

> /s/ Bartholomew Cirenza
> BARTHOLOMEW CIRENZA
> Trail Attorney
> U.S. Dept. of Justice, Tax Division
> Civil Trial Section, Northern
> PO Box 55, Ben Franklin Station
> Washington, D.C. 20044
> Tel. No.: (202) 307-5837