UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
JOAN HARRIMAN,                      . Civil No. 96-CV-03670-JS
                                    .
            Vs.                     .
                                    .
                                    . 824 Federal Plaza
                                    . Central Islip, NY
UNITED STATES OF AMERICA,           .
et al.,                             .
                                    . July 30, 2008
. . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
BEFORE HONORABLE E. THOMAS BOYLE,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For The Plaintiff:          JOAN HARRIMAN
                            P.O. Box 40
                            East Hampton, New York 11937

For The Defendant:          U.S. DEPARTMENT OF JUSTICE
                            BY:  BARTHOLOMEW CIRENZA, ESQ.
                            P.O. Box 55, Ben Franklin Square
                            Washington, DC  20044

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

**TERRY GRIBBEN'S TRANSCRIPTION SERVICE**
**27 Beach Road, Unit 4**
**Monmouth Beach, NJ  07750**
**(732) 263-0044     Fax No. 732-263-0075**

Colloquy                                    2

1          COURT CLERK:  Calling case 96-CV-3670, Harriman

2   versus United States.  Parties, please state your appearance

3   for the record.

4          MR. CIRENZA:  Bartholomew Cirenza representing the

5   United States.  Good morning, Your Honor.

6          THE COURT:  Good morning.

7          MS. HARRIMAN:  Joan Harriman, plaintiff.  Good

8   morning, Your Honor.

9          THE COURT:  Good morning.  Neither of you I think

10  know who I am but just to tell you what happened here.  It

11  appears that there was consent jurisdiction as both of you

12  noted, Judge Orenstein who is handling the case.  However, he

13  recused himself from any further involvement in this case.  And

14  the reason was probably that he has taken what would be the

15  equivalent of senior status as a magistrate Judge and is no

16  longer handling pro se cases.

17         So by random selection, you all were fortunate enough

18  to have the wheel stop on me.  So we have a threshold issue and

19  that is with regard to the consent jurisdiction.  And I would

20  be happy to try this case, but at this point, the only way that

21  I can try this case would be if you issued the same mutual

22  consent that you did to Magistrate Judge Orenstein.

23         And that's entirely up to each of you and neither one

24  of you is under any compulsion to do that.  In the event that

25  you fail to do that, then the case would go back to Judge

Colloquy                                3

1  Seybert who's the assigned district Judge.  So I don't know if

2  you've had the opportunity to discuss this but it's really a

3  threshold issue that has to be addressed.  So if anyone would

4  like to make any comment.

5         If you would prefer to consider it and we can set up

6  another phone conference on this, but it's really critical to

7  this case going forward.  Because my understanding in reviewing

8  this case over the 12 years that it has been pending, you had

9  an opportunity to prepare the case for trial and simply has to

10  be set down for trial.  And I'm prepared to do that.  So if I

11  could hear from anyone?

12         MR. CIRENZA:  Your Honor, I'm more than happy to

13  receive a consent form or maybe the suggestion is to have one

14  sent directly to Ms. Harriman, ask her to execute it if she

15  chooses to, and if she does, she could forward it to me.  And

16  then I could forward it on to the Court.  I'm trying to think

17  of the best logistical way of dealing with this.

18         THE COURT:  All right, that would work.  Ms.

19  Harriman, anything you would like to comment on?  And as I

20  said, if you would like an opportunity to consider it without

21  committing yourself, I understand that if this is the first

22  time you've heard about this.

23         MS. HARRIMAN:  Judge Boyle, I am sure that you're

24  competent to hear this case.  Otherwise, you wouldn't be in the

25  position you're in.  The reason that it went to Judge Orenstein

Colloquy                                    4

1   was because I needed a fall or a spring trial date.  And Judge

2   Seybert did not have that.  And that's why it was to Judge

3   Orenstein.  And at this date, I have researched Rule 45 which

4   is the subpoena and I need to subpoena the former employee who

5   lives in Manorville (phonetic) of the IRS, who's involved in

6   this case.  And this is going to take some time.

7          And I was wondering if we did go forward with this,

8   that it might be advantageous for everyone to have a trial date

9   set for next April which would give everyone time.  Because I

10  do believe that the opposition is going to probably put a

11  motion in to quash my subpoena of this person.

12          THE COURT:  All right.  I would be very, very

13  reluctant in, I can't tell you how rare it is in, I would say

14  in my whole period on the bench, I have seen maybe one other

15  case, and that was an environmental cleanup case that involved

16  an outside government agency.  It's unheard of for a case to go

17  12 years.

18          MS. HARRIMAN:  Yes, it's unfortunate.  Judge Platt

19  denied the Government an extension.  They didn't answer until

20  three months later and then asked for an extension and he

21  denied that.  And then that sat for several years until finally

22  Judge Seybert listed it about three years later.  And then for

23  the motion for summary judgment, that took a year and a half.

24  So all these things have been delayed.

25          But I can't, you know, just because of all that, it

Colloquy                                    5

1  was probably no one's fault.  But I just need some time to

2  prepare.  I'm grateful for the trial, but I need some time to

3  prepare.  And this subpoena --

4            THE COURT:  Ms. Harriman, you've had 12 years in this

5  case.  So your request, I would be glad to consider a mutually

6  convenient date this year, and I have some dates to discuss

7  with you in the event that there's consent here.  But if you're

8  seeking to put this case over until April for trial because

9  you're subpoenaing somebody, subpoena them now and we'll deal

10 with the issue of a motion to quash and will resolve it.

11           MS. HARRIMAN:  Well, isn't that 60 days that I need,

12 Your Honor, to subpoena someone?  Don't I need 60 days on that?

13           THE COURT:  Okay.  Well, at this point, we have to

14 deal with the first issue first.  You tell me, whether you want

15 this case to go back to Judge Seybert, or whether you want to

16 consent trial?  Or if you want time to consider it, I would be

17 glad to put this over for a few days.

18           MS. HARRIMAN:  Well, I've already lost --

19           THE COURT:  But let's make some decisions here.

20           MS. HARRIMAN:  -- a month and a half, Your Honor,

21 between all these papers going back and forth.  And I don't

22 know how I could possibly get late September or early October

23 date and still have time to subpoena which I believe is 60

24 days.

25           THE COURT:  I don't follow you.

Colloquy                                    6

1    MS. HARRIMAN:  I believe I have to give 60 days

2    notice to subpoena someone, is that correct?

3    THE COURT:  I'm saying you have to deal with the

4    first issue first.  And the first issue is whether or not

5    there's any consent here to a trial.  If it isn't, I'll send it

6    back to Judge Seybert to deal with.

7    MS. HARRIMAN:  Well, I'm certainly consenting to a

8    trial, but the reason that it was switched from her is that she

9    didn't have a September, October date.  And she probably

10   doesn't even have a December date at this point, because that

11   was the last thing we heard and that was several months ago.

12   So I'm just concerned that I have enough time to subpoena

13   someone, which I believe is 60 days and still have a full

14   trial.

15   THE COURT:  All right.

16   MS. HARRIMAN:  I don't know how that could happen and

17   I don't know, you know, if you have any suggestion.

18   THE COURT:  I don't know if you heard what I said.  I

19   said I can assure you of a trial date this year.  But I'm not

20   going to adjourn the case until next year.

21   MR. CIRENZA:  Your Honor, what dates did you have

22   available for trial in the event Ms. Harriman did consent?

23   THE COURT:  Yes.  I have, how long is this case going

24   to try, take --

25   MR. CIRENZA:  One day max.

Colloquy                                              7

```
 1              THE COURT:  I'm sorry?

 2              MR. CIRENZA:  One day max.

 3              THE COURT:  Good.  Ms. Harriman, you agree with that?

 4              MS. HARRIMAN:  Possibly, I would think one day if we

 5   could pick the jury in the morning.  Is that possible?

 6              THE COURT:  Is this a jury trial?

 7              MR. CIRENZA:  She has requested a jury, Your Honor.

 8              MS. HARRIMAN:  Yes.

 9              THE COURT:  Okay, sure.

10              MS. HARRIMAN:  So if we pick the jury in the morning,

11   do that in the afternoon.

12              THE COURT:  What we would do is pick the jury in the

13   morning and then try the case in the afternoon and go over, you

14   know, to the following day if necessary.

15              MS. HARRIMAN:  Correct.

16              THE COURT:  All right.  Let me give you some dates,

17   all right?  September 15th.

18              MS. HARRIMAN:  Pardon me?

19              THE COURT:  September 15th, November 3rd and November

20   17th.

21              MS. HARRIMAN:  As I said to Judge Seybert, I'm 75 and

22   I've had multiple injuries in a car accident.  I was rear ended

23   four years ago.  I'm not supposed to travel in extreme heat or

24   extreme cold and, you know, I'm worried about coming, I'm

25   worried about driving in a snowstorm.  I have family in
```

Colloquy                                    8

1   different parts of the country who are ill right now.

2            And that's what I was concerned about, trying to

3   have, the September 15th would not be impossible if I am, but

4   I'm not sure that the subpoena.  I cannot find a timeframe for

5   the subpoena, Your Honor.  Do you know if it's 60 days or if

6   it's not 60 days, then I can just subpoena, I have researched

7   the subpoena.  I can't find a timeframe for the federal court

8   subpoena date timeframe to subpoena a person.

9            THE COURT:  Mr. Cirenza, what do you want to do with

10  this case?

11           MR. CIRENZA:  Well, Your Honor, it sounds like she's

12  talking about a trial subpoena and I think reasonable notice

13  would be sufficient.

14           MS. HARRIMAN:  Pardon me?

15           MR. CIRENZA:  I assume reasonable notice which, you

16  know, seven to 10 days notice of a witness would probably be

17  reasonable.

18           MS. HARRIMAN:  Would you agree to seven to 10 days

19  for a witness, Mr. Cirenza?

20           MR. CIRENZA:  It's really not up to me.  If you're

21  going to subpoena a witness, it's for the witness to decide

22  whether or not that witness has sufficient notice and whether

23  or not that witness wishes to challenge that subpoena.

24           MS. HARRIMAN:  Yes, and if they do challenge the

25  subpoena, Your Honor, what happens to that trial date?

Colloquy                                        9

1      THE COURT:  I don't deal on hypotheticals.  I deal in

2  real cases, all right.  What I'm trying to do is ascertain

3  whether or not there's consent on this case and if we can set

4  this case down for a trial date.  You can subpoena whatever

5  witness you feel is appropriate.  The Government can make any

6  motion they feel is appropriate.  I will decide any motion.

7      MS. HARRIMAN:  Does that mean the trial date might be

8  delayed?

9      THE COURT:  I don't believe so.

10     MR. CIRENZA:  My suggestion as the most conservative

11 approach is to select the November 3rd date, so there can be no

12 question that there's sufficient time for Ms. Harriman to serve

13 whatever subpoena she thinks are appropriate well in advance of

14 that date and it certainly won't be too cold at that time of

15 year.

16     MS. HARRIMAN:  I could run into snow and you know

17 that, Mr. Cirenza.  So September 15th would be fine with me.

18     MR. CIRENZA:  Oh, September 15th is fine?

19     MS. HARRIMAN:  September 15th would be fine if we can

20 pull all this together.  Your Honor, I need to ask you a

21 question as a new Judge coming in here.  Will you have time to

22 review the motions on this 12 year old case by September 15th?

23 I know your calendar is crowded, I'm sure like other Judges?

24     THE COURT:  You worry about your case, all right?

25 I'll worry about whatever I have to do to appropriately judge

Colloquy                          10

1  this case.

2              MS. HARRIMAN:  And will you have enough time, do you

3  think, Your Honor, to review if we have a September 15th trial?

4              THE COURT:  The jury pick date then would be the 8th

5  and will commence the trial on the 15th.

6              MS. HARRIMAN:  You will have enough time to review

7  this case, Your Honor?

8              THE COURT:  I certainly will.

9              MS. HARRIMAN:  All right, I just needed to know that.

10             THE COURT:  Now, did you hear what I said?  The jury

11 pick date is the 8th of September.

12             MS. HARRIMAN:  The jury pick date is the 8th of

13 September?

14             THE COURT:  That's correct, that's a Monday.  And

15 then the trial will commence the following week.

16             MS. HARRIMAN:  No, I can't do that.  I need it in the

17 same week.

18             THE COURT:  I'm sorry?

19             MS. HARRIMAN:  I can't do that.  I need it in the

20 same week.  I have someone ill in my family I can't be away

21 that long.  The way it was going to be with Judge Seybert, I

22 believe, was that we pick the jury in the morning and go to

23 trial in the afternoon.

24             MR. CIRENZA:  We actually never got that far.

25             MS. HARRIMAN:  I believe we did, but I can't be away

Colloquy                    11

1  from my ill person that long.  I need like to pick the jury one

2  day and go to trial the next, the same week.

3          THE COURT:  All right.  Ms. Harriman, can you hear

4  me?

5          MS. HARRIMAN:  Yes.

6          THE COURT:  Just for you, just for your case, I will

7  bring in a separate jury pool for the 15th, even though that is

8  not an ordinary date.  Mr. Cirenza, I'm going to send you the

9  consent form and if you would please do that, and get it back

10 within a week.

11         MR. CIRENZA:  Okay.  Do you want me to forward it to

12 Ms. Harriman or send it right back to the Court?

13         THE COURT:  No, I need you to obtain her consent as

14 well, forward it on to her and she can return it to me.

15         MR. CIRENZA:  Okay.

16         THE COURT:  Okay?  Ms. Harriman, we need an address

17 for you because I understand --

18         MS. HARRIMAN:  Post office box 40, East Hampton and

19 that has been my address for 30 years.

20         THE COURT:  Say it once more, please?

21         MS. HARRIMAN:  Post office box 40, in East Hampton,

22 New York 11937.  That has been my address for the past 30 years

23 and I still have it.

24         THE COURT:  Why then can't you pick a jury on the

25 8th?  You're about an hours ride from the courthouse?

                                    Colloquy                    12

1        MS. HARRIMAN:  Your Honor, I am retired.  I am 75
2   years of age.  My family is in different parts of the country,
3   from Montana to Massachusetts.  We visited each other.  We try
4   to take care of each other and we travel.  And as a retired
5   person, I don't have to be in one place all the time.  So I am
6   traveling at different times trying to take care of ill members
7   of my family and we are all elderly.  That's my situation.
8        THE COURT:  Do you have a cell phone number or how do
9   people contact you when they want to talk to you?
10       MS. HARRIMAN:  The cell phone number is what I'm
11  talking on right now and it's 850-628-8173.
12       THE COURT:  1673?
13       MS. HARRIMAN:  No.  850-628-8173.
14       THE COURT:  8173.
15       MS. HARRIMAN:  That's right.
16       THE COURT:  Okay.  I will wait until I receive back
17  the necessary consents and if you could get that back to me
18  within a week, that would be good and then we'll make special
19  arrangements with regard to the jury.
20       MS. HARRIMAN:  I don't understand what's happening,
21  Your Honor.  You're going to make a jury on September 15th and
22  then we can go to the trial in the afternoon, is that what's
23  happening here?
24       THE COURT:  That's correct.
25       MS. HARRIMAN:  All right.  And Mr. Cirenza is going

Colloquy                                   13

1   to send me the consent?  Could the Court send me the consent?

2   I mean, are we not going to have a trial date until you get

3   this consent in your hand?

4           THE COURT:  Mr. Cirenza is going to sign the consent

5   form and he's going to send it on to you.  And you have to

6   return it to the Court.  Mr. Cirenza, would you be so kind as

7   to provide an address and a stamped envelope for the plaintiff?

8           MR. CIRENZA:  Not a problem, Your Honor, I'll be

9   happy to do that.

10          THE COURT:  Thank you.  Okay.

11          MS. HARRIMAN:  Are we definite, Your Honor, we have a

12  September 15th trial date?

13          THE COURT:  That's correct.

14          MR. CIRENZA:  Now, Your Honor, I was going to request

15  that as soon as you do have the consent and it is absolutely

16  certain that you have jurisdiction to try this case, that we

17  have another telephone conference because there's an issue I do

18  want to talk about, which is jurisdiction on at least two of

19  the years that is still at issue.

20          MS. HARRIMAN:  Judge Seybert has already decided that

21  this Court has jurisdiction in one of her orders.

22          MR. CIRENZA:  Your Honor, the jurisdictional issue

23  that the United States has become aware of prior to the filing

24  of the joint pretrial order, not previously briefed, I

25  addressed this to Judge Seybert and we didn't get too far with

1   trial dates.  So that's an issue, I think is an initial hurdle.

2           THE COURT:  Mr. Cirenza, are you saying there's an

3   undecided motion out there with regard to this issue?

4           MR. CIRENZA:  No, there is no motion.  What I'm

5   saying is that there is a jurisdictional, we ordered, to it in

6   the joint pretrial order.  The jurisdictional defect with

7   regard to at least two of the years and I did want to talk

8   about the other two years, because I just think that a trial

9   and ultimately having a trial in this case, there's nothing to

10  try.

11          MS. HARRIMAN:  Your Honor, this was brought up before

12  Judge Seybert in the pretrial conference, all of these things,

13  and she has put an order through that the Court has

14  jurisdiction over all the four years in question.  And this is

15  another delay.

16          And two weeks not showing up for the telephone

17  conference is another delay by Mr. Cirenza.  And also, he was

18  supposed to send me a copy of the order that you sent out and

19  he never did that.  So all of these are delays.

20          The Government had 12 years to raise these issues and

21  they already have, and Judge Seybert has ordered that the Court

22  has jurisdiction over all four years.

23          THE COURT:  Okay.  Well, I would be glad to have a

24  conference before the trial, but Mr. Cirenza, this sounds like

25  in a 12 year old case, it's a little bit late to raise

Colloquy                              15

1  jurisdictional issues?

2          MR. CIRENZA:  Well, it's never too late to raise

3  jurisdictional issues, Your Honor.  And it would be

4  inappropriate for this Court to make a ruling on a tax year

5  where you had no jurisdiction, only to be reversed on appeal.

6          THE COURT:  Right.  All right, let's deal with the

7  consent form.  You have a trial date September --

8          MS. HARRIMAN:  Your Honor, are you going to hear him

9  on this jurisdiction?

10          THE COURT:  I'm sorry?

11          MS. HARRIMAN:  Are you going to hear, are you going

12  to set a telephone conference on this jurisdiction he just

13  raised?

14          THE COURT:  I said the request was by the Government

15  that there be another phone conference before the trial date

16  and I said I would do that.

17          MS. HARRIMAN:  I don't agree to that.

18          THE COURT:  Okay, you can disagree --

19          MS. HARRIMAN:  Because this is more delays and I have

20  an enormous amount of work to do to get, you know, research and

21  I have to get a new accounting group to do an accounting of the

22  interest.  I have to go to an accounting group to do that and I

23  have an enormous amount to do.  And if he's going to request

24  that, then maybe it better go back to Judge Seybert, because

25  she's the one that knows this case.

Colloquy                      16

1          THE COURT:  Mrs. Harriman, I said to you I have set

2    this case down for the 15th of September.

3          MS. HARRIMAN:  And I agree, but I do not agree to

4    allow them to bring a jurisdiction issue up at this point.

5          THE COURT:  Are you going to try to talk over me, Ms.

6    Harriman?

7          MS. HARRIMAN:  No, I'm sorry, I'm not trying to talk

8    over you, Your Honor.

9          THE COURT:  And I am bringing in a separate jury pool

10   just for the purpose of this case, just for this selection and

11   it's the 15th, that is a date certain.  Does everybody

12   understand that?

13         MR. CIRENZA:  Yes.

14         THE COURT:  Okay.  All right.  So get in your consent

15   form.  I will enter an order and Mr. Cirenza, if you would pick

16   it off the ECF please, and serve it on Ms. Harriman.

17         MR. CIRENZA:  I will.

18         THE COURT:  And I will see everybody on the 15th.

19         MS. HARRIMAN:  Your Honor, I am not consenting to

20   have this go before you, because you're apparently going to

21   allow him to bring up a jurisdiction issue.  And I feel if he's

22   going to bring up a jurisdiction issue, that it better go back

23   to Judge Seybert, because she knows this case.

24         THE COURT:  Well, you can make your application to

25   the Court.  Make your application to Judge Seybert.

Colloquy                        17

1          MS. HARRIMAN:  You mean, you want me to go now to

2    Judge Seybert?

3          THE COURT:  If you're refusing to consent, then make

4    your application to take the case back to Judge Seybert.

5          MS. HARRIMAN:  Yes.  Because he should not, if he's

6    bringing a jurisdiction issue up, that's something that she

7    knows best about.  He should not be bringing this up at this

8    late date, nor should the Court allow a telephone conference on

9    it.

10         THE COURT:  I'll give you seven days to make that

11   application, is that adequate?

12         MS. HARRIMAN:  That would be fine, Your Honor.  I

13   will make that application to Judge Seybert.

14         THE COURT:  Okay, thank you very much.  Good-bye.

15         MS. HARRIMAN:  Thank you.

16         MR. CIRENZA:  Thank you.

17                         *  *  *  *  *

18

19

20

21

22

23

24

25

18

1                              CERTIFICATION

2            I, TRACY GRIBBEN, a Certified Electronic Transcriber

3    do hereby certify that the foregoing transcript of proceedings

4    is a true and accurate transcript of the motion as recorded in

5    the matter of Joan Harriman v. United States of America, et

6    als., heard by the U.S. District Court on July 30, 2008.

7

8    _____        Date:_____

9    TRACY GRIBBEN

10

11   TERRY GRIBBEN'S TRANSCRIPTION SERVICE

12

13

14

15

16

17

18

19

20

21

22

23

24

25