```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOAN HARRIMAN,                                              Civil Action No.: 9:96-cv-03670-JS

                    Plaintiff,                              Judge: Seybert
                                                            Magistrate Judge: Orenstein
    v.

UNITED STATES OF AMERICA,

                    Defendant.
-----------------------------------------------------X
```

### ORDER RE: DISMISSAL OF ACTION WITH PREJUDICE

Before me came, pro se plaintiff Joan Harriman and Trial Attorney Bartholomew Cirenza, representing defendant United States of America, for jury trial, which commenced on Monday, June 1, 2009, for determination of whether plaintiff is entitled to refunds of purported overpaid taxes for tax years 1973, 1976, 1992, and 1994, in the amounts of $1,586.14, 324.53, $805.00, and $187.00, respectively;

WHEREAS, prior to trial, the United States filed a motion for partial dismissal of the complaint for lack of jurisdiction, on the ground that the United States of America had not waived its sovereign immunity to be sued for refund of taxes to the extent plaintiff failed to duly file administrative claims for refund with the Internal Revenue Service, for tax years 1973 and 1976, as is required pursuant to 26 U.S.C. §7422(a) and 6511(a);

WHEREAS, on Monday, June 1, 2009, the Court heard argument by plaintiff as to why tax years 1973 and 1976 should not be dismissed for lack of jurisdiction, specifically, plaintiff produced two Form 843 claims for refund, which she represented were filed with the IRS on April 13, 1974 (claiming a refund of $407.00) and February of 1979 (claiming a refund of $1,586.14);

WHEREAS, upon close inspection of the Form 843 dated April 13, 1974, it appeared to the Court and counsel for the United States that it had been altered, and was not a copy of an

actual Form 843 filed with the IRS. For example, the Form 843 produced by plaintiff contained an indication that it had been revised during 1994. In addition, the place on the Form 843 where it was dated by Ms. Harriman appeared to have white-out markings, and the address listed on the Form 843 was "P.O. Box 40, East Hampton, New York", which according to Ms. Harriman, was not actually secured until 1978. Moreover, the $407.00 claimed on the From 843 had already been refunded to Ms. Harriman and was not the amount sought by her in this action.

WHEREAS, as careful inspection of the second Form 843, claim contained similar questionable markings. For example, the Form was extremely faded and barely legible, except for the information entered by Ms. Harriman, which was very dark and legible. In addition, Ms. Harriman's placement of her social security number on the Form 843 was in the wrong place and the amount sought to be refunded in February 1979 was not actually credited to Ms. Harriman's 1973 tax year until 1981;

WHEREAS, Ms. Harriman offered no evidence to establish that she duly filed a claim for refund with respect to tax year 1976;

THEREFORE, it is ORDERED, DECREED and ADJUDGED that plaintiff's claims with respect to tax years 1973 and 1976 are DISMISSED for lack of jurisdiction in that the Court has determined that plaintiff, Joan Harriman, failed to file administrative claims for refund as required by 26 U.S.C. §7422(a);

WHEREAS, on Tuesday, June 2, 2009, the Court reconvened at 9:30 a.m., for the purpose of impaneling a jury with respect to tax years 1992 and 1994;

WHEREAS, plaintiff failed to appear for trial on Tuesday, June 2, 2009, but left a voice-mail message with chambers indicating that she had the flu and would not be appearing in Court to continue the trial. The Court attempted to contact Ms. Harriman to determine the extent of her purported illness, but was unable to reach her, because she had apparently turned off her cell phone.

The Court also notes that this case has been pending for over ten years and that Plaintiff herself chose the June 1st trial date. Plaintiff declined assistance from the pro se Attorney's office. Plaintiff was also belligerent and incomprehensible throughout the proceedings.

WHEREAS, on account of Ms. Harriman's failure to appear for trial on Tuesday, June 2, 2009, the Court entertained two motions by the United States. The first motion sought a dismissal of the complaint under Fed.R.Civ.P 41(b), for failure of plaintiff to prosecute her action. the second motion sought a dismissal of the complaint as it pertained to tax years 1992 and 1994, as a matter of law, consistent with its pretrial memorandum of law for entry of judgment as to those tax years, on the ground that the $805.00 and $187.00 tax overpayments claimed by plaintiff for tax years 1992 and 1994, respectively, had previously been credited, against underpaid tax liabilities for tax years 1980 and 1990, respectively, pursuant to 26 U.S.C. §6402, and that fact that plaintiff has sought, and is not entitled to, a refund of any additional amounts for tax years 1992 and 1994, which facts this Court previously determined in its 2004 Memorandum and Order on summary judgment.

NOW THEREFORE, based on the foregoing, this Court hereby DECLARES, ADJUDGES and further ORDERS, that the action be dismissed, with prejudice, for the following additional two alternative reasons:

1. Pursuant to Fed.R.Civ.P. 41(b), the complaint should be dismissed, with prejudice, for failure of plaintiff to prosecute her action;

2. Pursuant to Fed.R.Civ.P. 50, the complaint should be dismissed as a matter of law, because plaintiff has already been credited with tax overpayments in the amounts of $805.00 and $187.00 for tax years 1992 and 1994, respectively, which amounts were properly applied against tax under payments for tax years 1980 and 1990, respectively, pursuant to 26 U.S.C. §6402 (and which applications were made within the statutory period of limitations for collection of assessed

taxes in effect for tax years 1980 and 1990 at the time such tax over payments from tax years 1992 and 1994 were applied), and by reason of the fact that plaintiff has not alleged, and is not entitled to a credit or refund for any additional amounts for tax years 1992 and 1994.

**SO ORDERED** this 17th day of June, 2009, by:

/s/ JOANNA SEYBERT
_____
JOANNA SEYBERT
United States District Judge, E.D.N.Y.